Lian v. Holder

BIA
Christensen, IJ
A200 924 515

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SHI XIANG LIAN,
> *Petitioner,*

v.                                                        12-4761
                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Scott Eric Bratton, Cleveland, OH.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Meadow W. Platt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shi Xiang Lian, a native and citizen of China, seeks review of a November 8, 2012, decision of the BIA affirming an Immigration Judge's ("IJ") August 25, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Xiang Lian*, No. A200 924 515 (B.I.A. Nov. 8, 2012), *aff'g* No. A200 924 515 (Immig. Ct. N.Y. City Aug. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Lian's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other

record evidence without regard to whether they go "to the heart of the applicant's claim," demeanor and responsiveness to questioning, and the "inherent plausibility" of the applicant's account. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

First, we defer to the IJ's findings regarding demeanor. The agency made a preliminary finding that Lian's demeanor suggested he was not testifying from actual experience, but rather, from a scripted account of events. This type of finding is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

The adverse credibility determination is further supported by the IJ's identification of inconsistencies. First, Lian was inconsistent regarding the date of an alleged detention, testifying that he was detained on June 25, but stating in his application that his detention began on June 20. A second inconsistency involved the reason he was released from a second detention. Lian testified that he was detained a second time when authorities found him *and* his pregnant wife in hiding, but when asked why he was released, Lian stated that authorities had located his wife.

3

The agency was not required to accept Lian's explanation that these inconsistencies were a result of his nervousness and purported confusion over the scope of the questions being asked. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency's implausibility findings provide additional support as "[i]t is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). First, the agency reasonably questioned the plausibility of Lian's assertion that his wife's IUD "fell out" twice, and on each occasion, she became pregnant. Second, the agency reasonably doubted the plausibility of Lian's account that he remained detained for 17 days because family planning officials wanted him to divulge his wife's location given that she was hiding at her parents' home and could easily have been located. Third, the agency properly questioned Lian's testimony that he received medical treatment for injuries inflicted in detention as he gave contradictory statements about where he received treatment and how he located a doctor. In light of the lack of credible testimony regarding the alleged

4

injuries and medical treatment, the agency also properly considered the lack of corroborating medical evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given Lian's problematic demeanor, the inconsistencies and implausibilities in his testimony and application, and the lack of corroborating evidence, all of which relate to his allegations of past harm, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Lian's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5